IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                : Chapter 7
                                      :
   JOAN STATES                        :
                                      :
               Debtor            : No: 19-13472 ELF

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS CLAIMS AND ENCUMBRANCES AND TO PAY REAL ESTATE BROKER**

AND NOW, this    day of            , 2020, upon consideration of the Motion of the Chapter 7 Trustee for an Order Approving Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances And To Pay Real Estate Broker (the " Sale Motion"), and all responses thereto, cause being shown; it is hereby ORDERED:

   1.  The Motion is GRANTED.

   2.  The property being sold hereby pursuant to the Sale Agreement, contains an address located at 0 Durham Nox Road, Nockamixon Township, Tax ID# 30-001-009-002, Bucks County, Pennsylvania( the " Property").

   3.  The Trustee and his professionals have determined that the Buyer has submitted a bid that was the highest and best offer for the Property and therefore is the successful purchaser as provided in the Sale Motion (the "Buyer").

   4.  The Trustee is permitted to enter into the Sale Agreement with the Buyer and take all reasonable actions necessary to perform his obligations as set forth in the Sale Agreement.

5. The Trustee is authorized to sell the Property to the Buyer for $87,500.00.

6. The Trustee is permitted to pay Star Real Estate Group a commission of Five Thousand Two Hundred Fifty Dollars ($5,250.00) in connection with the sale of the real property subject to the motion.

7. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to take all actions necessary to consummate the sale of the Property to the Buyer pursuant to and accordance with the terms and conditions of the Sale Agreement.

8. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing under the Sale Agreement, the Property shall be free and clear of all liens, claims and encumbrances.

9. Transfer of the property will not subject the Buyer to any liability for claims against the Trustee, the Debtor or the Debtor's affiliates or agents of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitations, any theory of successor, vicarious or transferee liability.

10. As of the Closing, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its interests in the Property as such interests may have been recorded or may

otherwise exist.

11. Nothing contained in any order entered in this case shall conflict with or derogate from the provisions of the Sale Agreement or the terms of ths Order.

12. The terms and provisions of the Sale Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the Debtors, their estate, their creditors, the Buyers and their affiliates, successors and assigns, and any affected third parties including but not limited to, all persons asserting a claim against or interest in the Debtor's estate and/or the Property and any replacement trustee appointed for the Debtor under any chapter of the Bankruptcy Code.

13. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

14. The failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

15. The sale of the Property shall be AS IS, WHERE IS

without any representation or warranty by the Trustee or any liability by the Trustee.

16. Notwithstanding the provisions of Fed.R.Bankr. P. 6004(h) and 7062, this Order shall be effective and enforceable immediately upon entry.

17. All pre-petition liens, claims, encumbrances, or interests in and against the Property shall attach to the proceeds of the sale of the Property to the same extent and with the same priority that they existed pre-petition.

18. There shall be no distribution of the proceeds of the sale absent further Order of the Court after adequate notice and hearing other than what is necessary to provide clear title to the purchaser of the Property. All owed taxes, liens or judgments, notwithstanding any previous paragraphs of this Order, shall be paid upon sale of the real property that is the subject of this Order.

Dated:

BY THE COURT:

_____
J.